UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.2
Eastern Division

Robert Raymond Briggs
                    Plaintiff,

v.                                                           Case No.: 1:19−cv−06746
                                                           Honorable John Robert Blakey

Mark T Schneid, et al.
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, March 2, 2020:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff's motions for attorney representation [8], [9], are denied. "There is no right to court−appointed counsel in federal civil litigation," Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). Initially, Plaintiff has not demonstrated indigence. But even if he had, that alone is not reason to recruit counsel. Rather, in making the decision whether to recruit counsel, the Court must engage in a two−step analysis, asking first whether plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, asking whether, given the factual and legal complexity of the case, this particular plaintiff appears competent to litigate the matter himself. Pruitt v. Mote, 503 F.3d 647, 654−55 (7th Cir. 2007) (en banc). Factors to be considered include but are not limited to: (1) the stage of litigation, Romanelli v. Suliene, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions and pleadings, Olson, 750 F.3d at 712; (3) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, Pruitt, 503 F.3d at 655; and (4) the complexity of the case, id. Here, Plaintiff indicates that he graduated from high school and has some college experience; he has prior litigation experience, and this case is still in its infancy, and the pleadings are not yet at issue. Plaintiff should endeavor to serve the named defendants so that the case may proceed to the next stage; the Court also encourages Plaintiff to continue in his efforts to secure counsel. The Court's denial today is without prejudice. Should this case proceed to a point where counsel becomes necessary, the Court will revist the issue. For now, the case is set for a status hearing on 3/31/20 at 9:45 a.m. in Courtroom 1203. Plaintiff should be prepared at that time to report on the status of service. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

Case: 1:19-cv-06746 Document #: 12 Filed: 03/02/20 Page 2 of 2 PageID #:93

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.